IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MACKIEL BILLINGSLEY, § | |
|     PETITIONER, § | |
| § | |
| v. § | Civil Action No. 4:05-CV-0830-A |
| § | |
| DOUGLAS DRETKE, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS § | |
| DIVISION, § | |
|     RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.  PARTIES**

Petitioner Mackiel Billingsley, TDCJ-ID #1261048, is a state prisoner who was incarcerated in the Dawson State Jail facility of the Texas Department of Criminal Justice, Correctional Institutions Division, in Dallas, Texas, at the time this petition was filed.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ)

**C.     PROCEDURAL HISTORY**

On August 3, 1992, Billingsley was convicted of burglary of a habitation in cause no. 0472691A in the Criminal District Court Two of Tarrant County, Texas, and sentenced to ten years' confinement. (Resp't Answer, Exhibit A at 1.) He was released to parole on May 12, 1993, however, his parole was subsequently revoked on June 28, 1999. (*Id.* at 6.) He was re-released to mandatory supervision on July 26, 2001. (*Id.* at 11.) On April 15, 2003, a pre-revocation warrant was issued for his arrest, due to alleged violations of the terms and conditions of his release, including new criminal charges for theft in cause nos. 0866171D, 0867177D and 0867178D in the 213th District Court of Tarrant County, Texas. (1Clerk's R. at 3; 2Clerk's R. at 3; 3Clerk's R. at 3.)[1] On March 20, 2003, Billingsley was convicted of the new offenses and sentenced to two years' confinement in a state jail facility in each case, the sentences to run concurrently but consecutively to his ten-year sentence. (1Clerk's R. at 98, 100; 2Clerk's R. at 85, 87; 3Clerk's R. at 84, 86.) Billingsley appealed his theft convictions, to no avail. *Billingsley v. Texas*, Nos. 02-03-122-CR, 02-03-123-CR & 02-03-124-CR, slip. op (Tex. App.–Fort Worth July 8, 2004) (not designated for publication); *Billingsley v. Texas*, PDR Nos. 1202-04, 1203-04 & 1204-04. Following his convictions, Billingsley's mandatory supervision was revoked.

Billingsley asserts that he was held in the constructive custody of the Tarrant County Sheriff continuously after his theft convictions until May 19, 2003, at which time he was returned to TDCJ

---

[1]"1Clerk's R." refers to the trial court clerk's record in cause no. 0866171D; "2Clerk's R." refers to the trial court clerk's record in cause no. 0867177D; "3Clerk's R." refers to the trial court clerk's record in cause no. 00867178D.

to continue serving his ten-year sentence. (Pet'r Memo at 2.)² He further asserts that on June 16, 2003, the state jail division lodged three detainers against him with the institutional division that remained active throughout his term in the institutional division until his October 15, 2004 transfer to the physical custody of state jail officials. (*Id.*)

Billingsley has filed three postconviction state applications for writ of habeas corpus, one for each conviction, raising one or more of the issues presented herein, which were denied by the Texas Court of Criminal Appeals without written order. *Ex parte Billingsley*, Application Nos. WR-33,779-13, WR-33,779-14 & WR-33, 779-15. Billingsley filed this petition for writ of habeas corpus on December 20, 2005. Dretke has filed an answer, supported by a brief and documentary exhibits, to which Billingsley has filed a reply. Billingsley's two-year sentences were fully discharged on June 2, 2006, and he was unconditionally released from the custody of TDCJ.³

**D.     ISSUES**

Billingsley raises three claims:

(1) He was unconstitutionally denied 547 days' credit on his state jail sentences for time served under the constructive detention of the state jail detainers;

(2) He was unconstitutionally denied 480 days' credit on his state jail sentences for the time served pending appeal; and

(3) The trial court improperly and unconstitutionally ordered his three state jail sentences to run consecutively to his ten-year sentence. (Petition at 7.)

**E.     RULE 5 STATEMENT**

---

²Dretke cites to Billingsley's pleading entitled "Petition For Writ Of Habeas Corpus By A Person In State Custody," filed with his form petition, as "Memo." For purposes of these findings, the document is referred to as "Pet'r Memo."

³This fact was confirmed via telephonic communication with the Texas Department of Criminal Justice, Correctional Institutions Division on this date.

Dretke contends that Billingsley has failed to exhaust his state remedies as to one or more of the claims presented as required by 28 U.S.C. § 2254(b)(1) and that the claims are thus procedurally defaulted. (Resp't Answer at 4-7.) Specifically, Dretke argues that Billingsley has not exhausted his first claim because, although raised in his state habeas applications, Billingsley did not allege or make reference to any violation of federal constitutional rights or rely on federal constitutional law in connection with the claim. Dretke further argues that Billingsley has not exhausted his third claim because he failed to raise the claim on direct appeal or his state habeas applications.

Under the federal exhaustion requirement, a habeas petitioner must have fairly presented the substance of his federal claim to the highest court of the state. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Accordingly, a Texas prisoner may satisfy the exhaustion requirement by presenting the legal and factual basis of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005).

Because Billingsley did not raise a federal constitutional claim in connection with his first claim or raise his third claim in either his petition for discretionary review or his state habeas applications, the claims are unexhausted. *See Baldwin v. Reese*, 514 U.S. 27, 32 (2004). Under the Texas abuse-of-the-writ doctrine, however, Billingsley cannot now return to state court for purposes of exhausting the claims. *See id.* art. 11.07, § 4. The abuse-of-the-writ doctrine represents an adequate state procedural bar to federal habeas review. *See Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). Therefore, absent a showing of cause and prejudice or a miscarriage of justice, such

showing not having been demonstrated, Billingsley's first and third claims are procedurally barred from this court's review. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000).

**F.    MOOTNESS**

Under his second claim, Billingsley contends he is entitled to 480 days' credit toward his two-year sentences for time served in jail pending appeal. (Pet'r Memo at 5-6.) Billingsley has completed his sentences and been released, therefore the question becomes whether dismissal of this claim is warranted on the basis that the case has been rendered moot because he can no longer satisfy the case-or-controversy requirement of Article III of the Constitution.

A habeas petition typically challenges prison officials' authority to keep a prisoner in custody; thus, in general, the petitioner's release moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 632 (1982). A petition is not moot, however, if the released prisoner can show that the challenged conviction will cause him to suffer some future collateral consequences. *Id.*; *Carafas v. Lavalle,* 391 U.S. 234, 237 (1968). Thus, where the petition challenges the validity of the petitioner's underlying conviction, he can often satisfy the case-or-controversy requirement by showing that the conviction affects his ability to vote, engage in certain businesses, serve as a juror, or hold public office. *Carafas,* 391 U.S. at 237. While the presumption of collateral consequences may comport with the reality in the context of criminal convictions, the Supreme Court has held that the same cannot be said for other situations where a conviction is not being attacked. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998). *See also Lane,* 455 U.S. at 624 (holding that where prisoner only challenges his sentence, and not his conviction, *Carafas* does not apply). Accordingly, *Spencer* dictates a cautious approach to the presumption of collateral consequences, requiring the petitioner

to affirmatively allege and demonstrate such consequences. *See Beachem v. Schriro,* 141 F.3d 1292, 1294 (8th Cir. 1998).

Billingsley does not challenge the validity of his underlying theft convictions, only the alleged denial of time credits toward completion of his sentences. As indicated, the principles enunciated by *Spencer* militate against a presumption of collateral consequences, and Billingsley has made no attempt to demonstrate that he will suffer any collateral consequences. Because there is nothing for the court to remedy, dismissal of this petition as moot is appropriate due to the expiration and discharge of Billingsley's sentences and his unconditional release from state custody. *See Blue v. Armstrong*, 202 F. Supp. 2d 534, 535-36 (S.D. Miss. 2002); *Branton v. Cockrell*, No. 4:01-CV-0637-A, 2001 WL 1669386, at *2-3 (N.D. Tex. Dec. 27, 2001); *Loth v. Guzik*, No. 4:00-CV-0377-G, 2001 WL 649650, at * 2-3 (N.D. Tex. May 16, 2001), *adopted*, 2001 WL 649656 (N.D. Tex. June 8, 2001).

## II. RECOMMENDATION

Based on the foregoing, Billingsley's petition should be dismissed.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 28, 2006. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 28, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June   7  , 2006.

 /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE